**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JUNIOR GAYE,** | : | |
| | : | **Civil Action Number:** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **Jury Trial Demanded** |
| **PROTECT SECURITY, LLC, and** | : | |
| **GEORGE CHAVIER JONES,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**COMPLAINT**

Plaintiff, Junior Gaye ("Plaintiff") by and through the undersigned counsel, brings this complaint against Defendants Protect Security, LLC ("Protect") and George Chavier Jones ("Jones") and pleads as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA to (1) recover the overtime pay that was denied him; (2) an additional amount as liquidated damages; and (3) for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Protect is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Fulton County, Georgia.

5.

Protect employed Plaintiff Junior Gaye as a Security Guard in and around Atlanta, Georgia from August 2009 until February 2012.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of "Protect" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about August 2009 until February 2012, Plaintiff was "engaged in commerce" as an employee of Defendant Protect as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Defendant Protect is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Defendant Protect has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about August 2009 until February 2012, Defendant Protect was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2009, Defendant Protect had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2010, Defendant Protect had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2011, Defendant Protect had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Defendant Protect had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2009, Defendant Protect had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2010, Defendant Protect had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, Defendant Protect had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, Defendant Protect had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2009, Defendant Protect had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

20.

During 2010, Defendant Protect had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2011, Defendant Protect had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2012, Defendant Protect had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, Defendant Protect has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

Defendant Protect is subject to the personal jurisdiction of this Court.

25.

Defendant Protect may be served with process through its Registered Agent, George Chavier Jones, 4538 Stratford Drive, Douglasville, Georgia 30135.

26.

Defendant Jones resides within Douglas County, Georgia.

27.

At all times material hereto, Defendant Jones exercised operational control over the work activities of Plaintiff.

28.

At all times material hereto, Defendant Jones was involved in the day to day operation of Protect in which Plaintiff worked.

29.

At all times material hereto, Defendant Protect vested Defendant Jones with supervisory authority over Plaintiff.

30.

At all times material hereto, Defendant Jones exercised supervisory authority over Plaintiff.

31.

At all times material hereto, Defendant Jones assigned Plaintiff to each job site.

32.

At all times material hereto, Defendant Jones scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

33.

At all times material hereto, Defendant Jones exercised authority and supervision over Plaintiff's compensation.

34.

At all times material hereto, Defendant Jones has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

35.

Defendant Jones is subject to the personal jurisdiction of this Court.

36.

At all times relevant to this suit and while an employee of Defendant Protect, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. §  213.

37.

At all times relevant to this suit and while an employee of Defendant Protect , Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

38.

At all times relevant to this suit and while an employee of Defendant Protect, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

39.

At all times relevant to this suit and while an employee of Defendant Protect, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

40.

At all times relevant to this suit and while an employee of Defendant Protect, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

41.

At all times relevant, Plaintiff worked approximately fifty (50) hours each week for Protect Security.

42.

At all times relevant, Plaintiff had no other income other than from Protect Security.

43.

At all times relevant, Defendant Protect controlled how Plaintiff performed his duties.

44.

At all times relevant, Plaintiff could not leave his worksite during his shift.

45.

At all times relevant, Plaintiff's schedule was set and controlled by Protect Security.

- 10 -

46.

At all times relevant, Plaintiff had little, if any, discretion in how he carried out his duties.

47.

At all times relevant, Defendant Protect classified Plaintiff as an independent contractor.

48.

At all times relevant, Plaintiff was not a true independent contractor but was an employee within the meaning of the FLSA.

## COUNT I — FAILURE TO PAY OVERTME

49.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

50.

As set out above, Plaintiff has been misclassified as an independent contractor.

51.

At all times material hereto, Junior Gaye has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

52.

During his employment with Defendants, Junior Gaye regularly worked in excess of forty (40) hours each week.

53.

Defendants failed to pay Junior Gaye at one and one half times his regular rate for work in excess of forty (40) hours in any week from August 2009 through February 2012.

54.

Defendants willfully failed to pay Junior Gaye at one and one half times his regular rate for work in excess of forty (40) hours in any week from August 2009 through February 2012.

55.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

57.

Defendant's payments to Plaintiff after Plaintiff contacted the Georgia Department of Labor were insufficient to compensate Plaintiff for the overtime he worked as well as for liquidated damages.

58.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,


DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER            CHARLES R. BRIDGERS
101 MARIETTA STREET              GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                   /S/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)               KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com  GA. BAR NO. 262375
charlesbridgers@dcbflegal.com
                                 COUNSEL FOR PLAINTIFF